UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-cr-0381 WBS AC |
| Plaintiff/Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GERARDO VALENCIA-REVUELTA, | |
| Defendant/Petitioner. | |

Petitioner Gerardo Valencia-Revuelta is a federal prisoner proceeding in pro per. He seeks relief under 28 U.S.C. § 2255 from his conviction and sentence for conspiracy and possession with intent to distribute methamphetamine. The § 2255 motion was filed on February 25, 2013. ECF No. 122. The government has answered, ECF No. 136, and petitioner filed both a traverse and an opposition to the motion to dismiss that was included in the answer, ECF Nos. 139, 140.

BACKGROUND

On July 20, 2009, petitioner was arrested at the scene of an attempted sale of approximately four pounds of methamphetamine in San Joaquin County. Two co-defendants, brothers Luciano and Sergio Mercado, were the organizers and leaders of the conspiracy and arranged the deal. The Mercados agreed to sell four pounds, two of which they had and two of which another person was holding. At the time and place arranged for the transaction, Luciano

1

1  Mercado obtained the drugs from a motel room from which he emerged with petitioner, and the
2  two men delivered the drugs to a buyer waiting in the parking lot.  Petitioner had placed or
3  received no less than fourteen phone calls to or from the Mercado brothers in the time leading up
4  to the anticipated sale.[1]

5  On September 3, 2009, petitioner was indicted on charges of (1) conspiracy to distribute
6  over 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and (2)
7  possession with intent to distribute over 500 grams of methamphetamine, in violation of 21
8  U.S.C. § 841(a)(1).  ECF No. 1.  Petitioner was arraigned on September 11, 2009.  ECF No. 8.
9  He subsequently retained counsel.  ECF No. 27.  On February 4, 2011, petitioner pled guilty to
10 both counts.  ECF No. 71.  There was no plea agreement.[2]

11 Sentencing was initially scheduled for April 29, 2011, but was continued eight times.
12 In a Presentence Investigation Report dated July 29, 2011, the probation officer found that the
13 applicable offense level was 35 and the criminal history category was I, for a resulting advisory
14 Guidelines range of 168-210 months imprisonment.  PSR ¶¶ 15-22, 51.  Because of petitioner's
15 youth, lack of criminal history, and lesser culpability in comparison with the Mercado co-
16 defendants, the probation officer recommended a sentence of 120 months.  PSR ¶¶ 50-53.

17 On January 5, 2012, the defense filed a sentencing memorandum that sought a "safety
18 valve" adjustment under 18 U.S.C. § 3553(f) and a sentence of 87 months.  ECF No. 115.  On
19 February 24, 2012, the defense withdrew its sentencing memorandum, and indicated support for
20 the probation officer's recommendation.  ECF No. 118.  On February 28, 2012, the government
21 filed a memorandum urging a sentence within the Guidelines range of 168-210 months.  On
22 March 2, 2012, petitioner was sentenced by the Hon. Edward J. Garcia to 120 months
23 imprisonment to be followed by 60 months supervised release.  ECF No. 120.

---

[1] These facts are taken from the Presentence Report dated July 29, 2011.  PSR ¶¶ 3-7, 17.  From these facts, the probation officer reasonably inferred that petitioner was the individual who had been holding half the methamphetamine.  PSR ¶ 17.

[2] The petitioner references a plea agreement.  ECF No. 122 at 7.  The record conclusively demonstrates that there was no plea agreement.  See ECF No. 132 at 3 (transcript of change of plea hearing).

## LEGAL STANDARDS

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the district court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). Both the grounds for relief and the scope of the remedy in a § 2255 proceeding are identical to those available to state prisoners under § 2254, the federal habeas corpus statute. Davis v. United States, 417 U.S. 333, 343-44 (1974).

A § 2255 motion is the customary procedure for challenging the effectiveness of trial counsel under the Sixth Amendment. United States v. Houtchens, 926 F.2d 824, 828 (9th Cir. 1991). To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). The Strickland standard extends to the plea process, Hill v. Lockhart, 474 U.S. 52, 57 (1985), and to the pre-sentencing cooperation period, United States v. Leonti, 326 F.3d 1111, 1114 (9th Cir. 2003).

In evaluating counsel's performance, the court must apply a strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 693-94. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. 668 at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. at 689.

1   If the court finds that petitioner's allegations are sufficient to support both prongs of the
2   <u>Strickland</u> test, "a district court must grant a hearing to determine the validity of a petition
3   brought under section 2255, '[u]nless the motions and the files and records of the case
4   conclusively show that the prisoner is entitled to no relief.'"  <u>United States v. Blaylock</u>, 20 F.3d
5   1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  In other words, an evidentiary hearing is
6   required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2)
7   the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to
8   no relief.  <u>United States v. Howard,</u> 381 F.3d 873, 877 (9th Cir. 2004).  No hearing is necessary if
9   the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so
10  palpably incredible or patently frivolous as to warrant summary dismissal."  <u>United States v.</u>
11  <u>McMullen</u>, 98 F.3d 1155, 1159 (9th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1269 (1997); <u>see also</u>
12  <u>Howard</u>, 381 F.3d at 879 (bald, conclusory or inherently incredible allegations do not support a
13  hearing).  Conclusory statements in a § 2255 motion are insufficient to require a hearing.  <u>United</u>
14  <u>States v. Johnson</u>, 988 F.2d 941, 945 (9th Cir. 1993).

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

I.   <u>Petitioner's Allegations</u>

Petitioner claims that his trial counsel, Robert Forkner, provided deficient representation by (1) failing to seek the benefit of the statutory "safety valve" provision as part of a plea bargain and/or at sentencing, and (2) failing to seek a sentencing adjustment for minor role as part of a plea bargain and/or at sentencing.  ECF No. 122.

II.  <u>The Government's Motion To Dismiss</u>

Respondent seeks dismissal of the petition on grounds that non-constitutional error, such as application of the Sentencing Guidelines, is waived if not presented on appeal.  Relying on <u>United States v. Schlesinger</u>, 49 F.3d 483 (9th Cir. 1994), respondent argues that petitioner's claims are not cognizable in a § 2255 motion.  ECF No. 136 at 1, 4.  Petitioner opposes the request for dismissal, arguing that his claim is based not on sentencing error but on the alleged violation of his right to effective representation, as guaranteed by the Sixth Amendment and recognized in <u>Strickland v. Washington</u>, <u>supra</u>.  <u>See</u> ECF No. 140 at 2.

4

Petitioner is correct. The waiver doctrine the government invokes does not apply here. Schlesinger rejected a § 2255 claim that the district court had failed to resolve factual disputes at sentencing as required by Fed. R. Crim. P. 3(c)(3)(D). The Ninth Circuit held that non-constitutional sentencing errors not raised on appeal are waived and may not reviewed under § 2255. Schlesinger, 49 F.3d at 485. In this case, unlike Schlesinger, petitioner is not alleging any error by the sentencing judge that could have been raised on appeal. Rather, petitioner claims that counsel rendered deficient performance by failing to pursue a plea agreement that included safety-valve eligibility and a minor role adjustment. Such a claim cannot be presented on appeal, because it turns on extra-record facts regarding the advice that counsel provided to petitioner. See United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir. 1995) (ineffective assistance claims ordinarily should be brought under § 2255 "because the appellate record often lacks a sufficient evidentiary basis as to what counsel did, why it was done, and what, if any, prejudice resulted."), cert. denied, 519 U.S. 848 (1996).

Section 2255 is indisputably the appropriate vehicle for challenging counsel's performance in relation to plea bargaining, pre-sentencing cooperation, and sentencing. See United States v. Leonti, supra, 326 F.3d 1111 (ineffective assistance in plea bargaining and pre-sentencing cooperation); United States v. Manzo, 675 F.3d 1204 (2012) (ineffective assistance in sentencing calculations). The motion to dismiss should be denied.

### III.    Claim One: Failure to Seek Safety Valve Deal And/Or Sentence

Petitioner alleges that counsel failed to pursue safety valve eligibility, and to thus secure a sentence below the mandatory minimum.

The "safety valve" statute, 18 U.S.C. § 3553(f), requires the district court to "impose a sentence within the guidelines promulgated by the United States Sentencing Commission. . . without regard to any statutory minimum sentence" when the following criteria are met: (1) the defendant has no more than one criminal history point, or previous offense; (2) the offense did not involve violence or the use of a firearm; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer, leader, manager, or supervisor, and did not participate in a continuing criminal enterprise; and (5) the defendant truthfully tells the

government everything he knows about the offense. When a post-Booker defendant qualifies for the safety valve,[3] the district court is statutorily required to apply the Guidelines in an advisory manner along with the other factors contained in 18 U.S.C. § 3553(a), but without regard to the mandatory minimum. See United States v. Cardenas-Juarez, 469 F.3d 1331, 1334 (9th Cir. 2006).

It is undisputed that petitioner satisfied the first four statutory requirements: (1) he had no prior criminal history; (2) the offense did not involve violence or firearms; (3) the offense did not result in death or serious bodily injury; and (4) the probation officer recommended no adjustment for aggravating role, finding that "the defendant possessed no operational authority in the conspiracy." PSR ¶ 17. Judge Garcia adopted the Guidelines calculations of the probation officer. See ECF No. 133 (transcript of sentencing hearing) at 2-3.

Respondent contends that the claim is doomed by petitioner's failure to satisfy the fifth safety valve requirement by debriefing. While it is true that petitioner did not qualify for the safety valve at the time of sentencing because of his failure to be interviewed, this argument misses the whole point of the claim. Petitioner alleges that his lawyer failed to competently explain the safety valve benefits of debriefing, and that if he had been properly advised he would have agreed to an interview and thus obtained a more favorable sentence. See ECF No. 122 at 7-8. Respondent submits declarations from petitioner's trial counsel and his paralegal, both of whom state that petitioner "refused to be interviewed and truthfully provide the government, before sentencing, the information he has concerning the offenses in order to qualify for the safety valve." ECF No. 136-1 at 2 (declaration of Robert L. Forkner); id. at 5 (declaration of Julissa Echevarria). Neither declaration, however, addresses what information or advice Mr. Forkner provided to petitioner regarding the safety valve provision and the potential benefits of debriefing. Accordingly, neither petitioner's historical failure to be interviewed nor the declarations conclusively show that the petitioner is entitled to no relief.

Petitioner's claim fails for a different reason: he cannot show a reasonable likelihood of a

---

[3] United States v. Booker, 543 U.S. 220 (2005) (holding that Guidelines are advisory, not mandatory).

1 different result had counsel urged him to debrief and had he done so.  Given the amount of drugs
2 involved in the case – four pounds of 95% pure methamphetamine – and the fact that petitioner's
3 Guidelines range was *above* the mandatory minimum, there is no reasonable likelihood that the
4 government would have offered a deal including a recommended sentence less than 120 months.
5 See United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996), cert. denied, 520 U.S. 1132
6 (1997) (relief unavailable where possibility of better plea bargain entirely speculative).

7 Even if the government had made such a recommendation, petitioner has not established a
8 reasonable likelihood that Judge Garcia would have followed it.  Petitioner's 120 month
9 mandatory minimum sentence was significantly *below* the advisory Guidelines range of 168 to
10 210 months.  In a pre-Booker world, the safety valve statute could not have afforded petitioner
11 any benefit at all.  See 18 U.S.C. § 3553(f) (where eligibility criteria met, court "shall" impose
12 sentence pursuant to Guidelines and without regard to otherwise applicable mandatory
13 minimum).

14 The safety-valve statute does not require imposition of a sentence below the mandatory
15 minimum, it merely strips that statutory sentencing prescription of its mandatory nature.  And
16 even post-Booker, the district court must consider the Guidelines even though it is not bound by
17 them.  Cardenas-Juarez, 469 F.3d at 1334.  Had petitioner qualified under the safety-valve statute,
18 Judge Garcia therefore would have been required to impose a sentence consistent with § 3553(a)
19 after considering the applicable Guidelines range.  Id.  Safety valve eligibility alone would have
20 reduced petitioner's offense level by two points pursuant to § 2D1.1(b)(17), to 33.  The resulting
21 advisory Guidelines range would have been 135-168 months – still substantially above the 120
22 month sentence that petitioner received.  Taking off another 2 points for minor role, the subject of
23 petitioner's second claim, would result in an advisory Guidelines range of 108-135 months.  Even
24 considering the advisory nature of the Guidelines, neither petitioner's allegations nor the record in
25 this case establish a reasonable likelihood that Judge Garcia would have imposed a sentence of
26 less than 120 months.  The speculative possibility of a lesser sentence does not support prejudice.
27 See Strickland, 466 U.S. at 694; see also United States v. Popoola, 881 F.2d 811, 813 (9th Cir.
28 1989) (conclusory allegations regarding sentencing do not establish prejudice).

Petitioner alleges that counsel promised him a sentence in the 70-87 month range prior to his change of plea. ECF No. 122 at 8. Counsel denies making any such representation. ECF No. 136-1 at 3, 5. There is no need to resolve this credibility contest, because it is immaterial. Even if counsel had made such an unreasonable statement, and even if that misrepresentation or other erroneous advice led petitioner to refuse an interview with the government, there would be no prejudice for the reasons already stated.

The record establishes conclusively that after petitioner's guilty plea, counsel filed a sentencing memorandum that, among other things, proposed Guidelines calculations that produced a sentencing range of 87-108 months. This result was achieved by applying the safety valve and reducing the offense level an additional 4 points for mitigating role pursuant to § 3B1.2. ECF No. 115 at 6. A four-point role reduction would have required facts consistent with minimal role, not just minor role as petitioner urges here. See § 3B1.2(a). Given that petitioner was directly involved in the delivery of the drugs to the purchaser, a minimal role adjustment would have been highly unlikely.[4] Counsel later withdrew the sentencing memorandum and supported the 120-month, below-Guidelines recommendation of the probation officer.[5] That move was not unreasonable on the facts of the case – and even if it was, the Strickland claim would fail for lack of prejudice because a sentence less than 120 months is purely speculative.

IV.   Claim Two: Failure to Seek Minor Role Adjustment

In his second claim for relief, petitioner alleges that counsel was ineffective in failing to seek and obtain a plea agreement and/or sentence that included an adjustment for minor role. The probation officer recommended, and Judge Garcia found, that petitioner was not an organizer or

---

[4] A minimal role adjustment is appropriate where a defendant "is clearly among the least culpable in a criminal group." United States v. Johnson, 297 F.3d 845, 874(9th Cir. 2002), cert. denied, 537 U.S. 1242 (2003). In this case, petitioner was less culpable than the Mercado brothers, but more culpable than co-defendants Hector Valencia-Revuelta (petitioner's brother) and Ignacio Chavez-Valdez. Chavez-Valdez acted as Sergio Mercado's driver, and Hector Valencia-Revuelta as a lookout. See PSR ¶¶ 6-7.

[5] Counsel's declaration represents that the withdrawal was strategic and that petitioner consented to it. ECF No. 136-1 at 2-3. Petitioner's attempts to dispute the declaration, ECF No. 139, do not make an evidentiary hearing necessary because the claim fails for lack of prejudice regardless of the facts related to counsel's performance.

8

leader, but did not reduce the offense level for minor role. See PSR ¶ 17. Petitioner's role in the conspiracy did not entitle him to a minor role adjustment. As respondent correctly points out, a defendant is not entitled to a minor role adjustment merely because he is not a leader or organizer and is less culpable than other participants. See United States v. Molina, 934 F.2d 1440, 1452 (9th Cir. 1991) (no minor role adjustment for middleman); United States v. Zwerber, 913 F.2d 705, 710 (9th Cir. 1990) (no minor role adjustment for runner who delivered drugs); United States v. Lui, 941 F.2d 844, 849 (9th Cir. 1991) (no minor role adjustment for drug courier).

Respondent argues that on the facts of this case, petitioner was not a minor player:

> . . . The defendant's familiarity with the drug industry and his personal connections therein helped to make the transaction possible. He personally provided half of the methamphetamine seized on July 20, 2009.
>
> Prior to his arrest, Sergio Mercado told a CI that "he and Luciano had two pounds of methamphetamine, and another person was holding an additional two pounds." (PSR at ¶ 5.) When detectives arrested Luciano Mercado and Gerardo Valencia-Revuelta in the car with the methamphetamine, they found two, two-pound quantities of methamphetamine, both of which had been packaged differently. (PSR at ¶ 6.) Gerardo Valencia-Revuelta was found in the middle of the actual transaction. He was the "[]other person" who was "holding an additional two pounds." (PSR at ¶ 5.)
>
> Finally, the deal at issue in this case was significant in both size and value, indicating that this transaction was not the defendant's first experience with the distribution of narcotics. He was able to personally secure over $36,000 worth of methamphetamine. (Ex 2.) Given his knowledge and experience, the defendant was no less culpable than the average player in this conspiracy. . . .

ECF No. 136 at 6.

In light of these facts, and the multiple phone calls between petitioner and the Mercados leading up to the drug transaction, PSR ¶ 17, it is not reasonably likely that a minor role adjustment would have been granted and would have resulted in a lesser sentence even if counsel had sought a plea bargain and/or advocated for a minor role reduction at sentencing.

Even if petitioner might have qualified for a minor role adjustment, and even if counsel performed deficiently in failing to advocate for one, petitioner cannot prove prejudice. As noted above, even if petitioner had received offense level adjustments both for safety valve (§ 2D1.1(b)(17)) and for minor role (§ 3B1.2(b)), the resulting advisory Guidelines range would

have been 108-135 months.  The sentence imposed was in the middle of that range.  The 120 month sentence was intended to reflect petitioner's youth, lack of criminal history, and relative culpability in comparison with his co-defendants the Mercado brothers, who were sentenced to 168 months and 135 months.  PSR ¶ 53.  Nothing in the record suggests a reasonable likelihood that Judge Garcia would have imposed a sentence less than 120 months if the advisory range was 108-135 rather than 168-210 months, and if he had the authority under the safety-valve statute to impose a sentence less than 120 months.

CONCLUSION

In sum, petitioner's allegations regarding prejudice are both conclusory and speculative.  Because the allegations of the petition, in light of the record in this case, fail to support the prejudice prong of Strickland, 466 U.S. at 693, no relief is available.  For all the reasons set forth above, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 136, be DENIED; and
2. Petitioner's motion under 28 U.S.C. § 2255, ECF No. 122, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE